**In re Thomas Truman BIXBY, Cynthia Ruth Bixby, Debtors.**

**GFC CORPORATION OF MISSOURI, Plaintiff,**

v.

**Thomas Truman BIXBY, Cynthia Ruth Bixby, Defendants.**

**Bankruptcy No. 80–21153.**

United States Bankruptcy Court, D. Kansas.

April 15, 1981.

Robert Schollars, Kansas City, Mo., John J. Lyons, Jr., Prairie Village, Kan., for plaintiff.

Goehring & Turner, Charles F. Williams, Kansas City, Kan., for debtors-defendants.

Joseph H. McDowell, Kansas City, Kan., trustee.

## MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

The facts are not in dispute.

1. In March, 1977, Thomas Truman Bixby, debtor in this case, was discharged in bankruptcy in Case No. 77–0379, filed in the Western District of Missouri.

2. In June, 1979, debtors borrowed a sum of money from the GFC Corporation of Missouri (hereinafter referred to as "GFC"). The present balance on the loan is $2,601. Security for the loan was household goods and two vehicles.

3. On October 30, 1980, the debtors filed their original petition and plan under Chapter 13, Title 11 U.S.C.A., in the United States Bankruptcy Court for the District of Kansas. The claim of GFC is listed as unsecured, since debtors sought to avoid the liens on the household furnishings under 11 U.S.C.A. § 522(f)(2). Subsequent to the filing of debtors' petition, they have modified their Plan to pay GFC $100. as a secured debt because of the amount received for the sale of one truck. The remainder of the balance, $2,501. is unsecured. The second vehicle was wrecked and towed to a junk yard.

4. Under the Plan as modified, unsecured creditors are to be paid 20% of their claims, the total of which is $3,206.90. The debtors proposed to pay $30 every two weeks into the Plan, which is scheduled to pay out in 18 months.

5. According to debtors' financial schedules, debtors have $850 in property, all of which they claimed exempt, as Missouri residents, under the federal exemption provision (11 U.S.C.A. § 522(b)(1)). The debtors have four children, all under age 11. The husband, Thomas Bixby, is unemployed and had no income in 1980. The wife nets $370.66 every month.

6. GFC has objected to the confirmation of debtors' Plan on the basis that the Plan is in violation of 11 U.S.C.A. § 1325(a)(3) & (4), and 11 U.S.C.A. § 727(a)(8) & (9).

## ISSUE INVOLVED

WHETHER OR NOT A PRIOR DISCHARGE IN BANKRUPTCY GRANTED TO DEBTORS IN A PROCEEDING COMMENCED WITHIN SIX YEARS OF THE FILING OF THE PRESENT CASE SHOULD BAR CONFIRMATION OF THEIR PROPOSED CHAPTER 13 PLAN.

## CONCLUSIONS OF LAW

It is stated in 11 U.S.C.A. § 727(a) in pertinent part, as follows:

*"(a) The court shall grant the debtor a discharge, unless—*

\*   \*   \*   \*   \*   \*

*(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371 or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition ;*

*(9) the debtor has been granted a discharge under section 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least —*

*(A) 100 percent of the allowed unsecured claims in such case; or*

*(B)(i) 70 percent of such claims; and*

*(ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort; . . . "*

11 U.S.C.A. § 103(b) states in pertinent part, as follows:

*"(b) Subchapters I and II of chapter 7 of this title apply only in a case under such chapter."* (emphasis added)

11 U.S.C.A. § 1325(a)(4) states in pertinent part, as follows:

*"(a) The court shall confirm a plan if —*

\*    \*    \*    \*    \*    \*

*(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of cash allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such dates;"*

■ The six year bar against successive discharges contained in § 727 of the Bankruptcy Code (11 U.S.C.A. § 727, subchapter II), does not apply to the discharge granted in Chapter 13 cases under § 1328 (11 U.S. C.A. § 1328), when the first discharge was granted under Chapter VII. *Lee, Chapter 13 nee Chapter XIII,* 53 Am.Bankr.L.J. 303, 325 (1979).

*In the Matter of Ciotta,* 4 B.R. 253, 255, 2 C.B.C.2d 132, 134 (E.D.N.Y.,1980), the Court states as follows:

*" . . . it is clear that Congress intended that the so-called six-year bar against* successive discharges continued in section 727 of the Code should not apply to the discharge granted in chapter 13 cases under section 1328."

Some courts, however, have taken § 727 into account when considering whether a chapter plan has complied with § 1325(a)(3) and (4).

■ The Court finds that the debtors in the instant case have shown compliance with § 1325(a)(4). According to their property schedules and exemption election, all the debtors' property would be exempt if they had filed under Chapter 7. Thus, unsecured creditors, including GFC, would receive nothing on their unsecured claims. This is less than they will receive under debtors' Chapter 13 Plan, whereby debtors propose to pay unsecured creditors twenty (20%) percent of their claims; thus, § 1325(a)(4) does not provide grounds for denying confirmation of the debtors' Plan.

■ Section 1325(a)(3) of the Bankruptcy Code (11 U.S.C.A. § 1325(a)(3) states in pertinent part as follows:

*"§ 1325.   Confirmation of Plan.*

*(a) The court shall confirm a plan if —*

\*    \*    \*    \*    \*    \*

*(3) the plan has been proposed in good faith and not by any means forbidden by law;"*

Creditor, GFC, cites *In Re Chaffin,* 4 B.R. 324, 326, 2 C.B.C.2d 229 (Kan., 1980), where the Court stated:

*" . . . As it was under the Act, so it is now under the Code that a Chapter 13 composition which pays unsecured creditors the same amount that they would receive in a Chapter 7 liquidation is tantamount to a Chapter 7 liquidation. Allowing a confirmation of such a Chapter 13 plan, where a discharge has been obtained either in a composition or liquidation under the old Act or new Code, is neither in keeping with the purpose ·or spirit of the Code as required by the good faith provision of § 1325(a)(3) nor in compliance with requirements of § 1325(a)(4). . . . Though as previously*

stated *§ 727(a)(8) and (9) as a bar to discharge is not applicable to Chapter 13, the spirit of the Code under § 1325(a)(3) would certainly be violated should such plans be confirmed. . . ."* (emphasis added)

*Chaffin* is readily distinguishable from this case in that the Court there found good faith missing since the Plan called for *zero* payments to unsecured creditors, making the Chapter 13 composition tantamount to a second liquidation in six years, in the court's view. In the present case, the debtors have promised to pay unsecured creditors twenty (20%) percent.

Whether or not good faith exists in a particular case is a subjective test, traditionally depending on the facts and circumstances of each case. *In Re Seely,* 6 B.R. 309, 2 C.B.C.2d 1128 (D.Va.1980).

In the present case, debtors received their Chapter VII discharge four years ago. The husband has been unemployed for over a year. The wife's income of $370 per month net is the entire household income. The debtors have four children under the age of eleven. The Plan proposes payments of $30 every two weeks to the trustee, eventually paying unsecured creditors 20% of their allowed claims. Under debtors' economic circumstances, $30 every two weeks appears to be the maximum feasible amount debtors could pay.

The debtors are making a sincere, honest effort to pay their creditors. Their plan is not prohibited by statute, and their repayment percentage is consistent with prior percentages allowed by this Court.

It has been recognized that under *"extraordinary circumstances"* the good faith test may come into play. 5 Collier on Bankruptcy (15th ed.), ¶ 1325.01[2][C]. Debtors' Chapter VII discharge four years ago is not, standing alone, such an *"extraordinary circumstance"* that should result in a finding of no good faith here. Thus, § 1325(a)(3) is not grounds for denying confirmation of debtors' Plan.

The Court, therefore, finds that the debtors have complied with all six of the requirements of 11 U.S.C.A. § 1325(a) and their Plan should be confirmed.

THIS MEMORANDUM SHALL CONSTITUTE MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 752 AND RULE 52(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.