In re Thomas Clifford DUKE, d/b/a Thomas C. Duke, D.C., Bankruptcy No. 82–20219, Debtor/Appellant,

and

Missouri Central Credit Union, Respondent/Cross-Appellant.

Civ. A. No. 83–2023.

United States District Court, D. Kansas.

April 29, 1983.

Michael H. Berman, Michael R. Roser, G. Harley Blosser, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., F. Stannard Lentz, Shawnee Mission, Kan., for respondent/cross-appellant.

Maurice B. Soltz, Soltz & Shankland, Kansas City, Mo., Robert L. Serra, Kansas City, Kan., for debtor/appellant.

Joseph H. McDowell, McDowell, Rice & Smith, Kansas City, Kan., bankruptcy trustee.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This case is before the court on appeal from a final order of the United States Bankruptcy Court for the District of Kansas entered on December 8, 1982, 25 B.R. 241. An appeal was taken pursuant to 11 U.S.C. Rules 801 and 802, Federal Rules of Bankruptcy Procedure (Fed.R.Bankr.P.), and Rule 42 of the Rules of Practice for the United States District Court for the District of Kansas. Notice of appeal was filed on December 17, 1982.

The effect of the December 8, 1982, order was to deny confirmation of appellant's Chapter 13 plan on the basis that the plan was not proposed in good faith, as required by 11 U.S.C. § 1325(a)(3). Appellant had proposed a ten percent (10%) compromise of unsecured debts.

Under Rule 42(e)(2)(b), the district judge, in conducting a review of an order issued by the Bankruptcy Judge, may accept, reject or modify, in whole or in part, the order of judgment of the Bankruptcy Judge, and need give no deference to the findings of the Bankruptcy Judge.

Upon reviewing the December 8, 1982, order, the court accepts in whole the following findings of fact made by the bankruptcy court judge.

1. The court has jurisdiction over the parties and the subject matter and that venue is proper.

2. The debtor, a Missouri resident, and his wife, filed a joint Chapter 7 petition in the Western District of Missouri in September of 1980. The Credit Union filed a complaint to determine dischargeability and objection to discharge. After a trial, the Honorable Frank P. Barker, Jr. entered an order denying discharge on January 12, 1980. Judge Barker denied the debtor (but not his wife) a discharge under §§ 727(a)(3) and 727(a)(4); and he did not reach the § 523 issues. The debtor did not appeal that decision.

3. Thereafter, the Credit Union filed a lawsuit against the debtor in the Associate Circuit Court of Jackson County, Missouri; and on March 15, 1982, the Credit Union received a judgment for Four Thousand Five Hundred Twenty-Four and 86/100 Dollars ($4,524.86), plus costs.

4. On that same date, March 15, 1982, the debtor filed the Chapter 13 petition herein. He proposed a plan compromising unsecured debts at ten percent (10%).

Since the above findings of fact are not materially controverted, the issues presented for review are exclusively questions of law. This being so, no presumption of correctness applies to the bankruptcy judge's conclusions of law, and this court is required to make its own independent examination and determination of the law.

The appellant designates the issues on appeal to be three-fold. [1] Whether the bankruptcy court's finding that a ten percent (10%) compromise plan was not "substantial or meaningful" and therefore proposed in "bad faith" constitutes reversible error. [2] Whether the bankruptcy court, by failing to consider all the circumstances of the case while denying confirmation of the plan constitutes reversible error. [3] Whether the bankruptcy court's finding that the debtor's intent was to abuse the purpose and spirit of the code solely on the basis of the debtor's denial of discharge in a previous Chapter 7 proceeding constitutes reversible error.

## GOOD FAITH CONTROVERSY

■ As noted by Judge Franklin in his December 8, 1982, order, a Chapter 13 proceeding allows a debtor special advantages not found in the Chapter 7 proceeding. To be able to employ the Chapter 13 proceeding, however, and obtain the special advantages it provides, the debtor must strictly comply with the confirmation requirements of 11 U.S.C. § 1325(a)(3), which states:

"§ 1325. *Confirmation of plan*

"(a) The court shall confirm a plan if—

\*　　\*　　\*　　\*　　\*　　\*

"(3) the plan has been proposed in good faith and not by any means forbidden by law; ..."

It was upon this section that Judge Franklin denied appellant confirmation.

More litigation has surrounded the Chapter 13 "good faith" requirement than any other issue to arise since the enactment of the new code in 1978. *See* Cyr, *The Chapter 13 "Good Faith" Tempest: An Analysis and Proposal for Change*, 55 Am. Bankruptcy Law Journal 271, N. 10 (Summer, 1981). The controversy stems from the silence in the code itself, as well as in the legislative history, concerning the meaning to be attributed to the term "good faith."

Some courts have interpreted the "good faith" term to mean substantial and meaningful repayment. Other courts have assigned it the historical meaning it had under the Bankruptcy Act, that being the plan was proposed in "good faith" if it conformed with the provisions, purpose and spirit of Chapter 13.

In *In Re Bixby*, 10 B.R. 456, 4 C.B.C.2d 485, CCH ¶ 68,025 (Bkrtcy.D.Kan.1981), Judge Franklin held a lack of good faith

804

would be found in extraordinary circumstances. In the more recent case of *In Re Syrus,* 12 B.R. 605, 4 C.B.C.2d 1172, CCH ¶ 68,310 (Bkrtcy.D.Kan.1981), Judge Franklin further delineated what could be considered extraordinary circumstances, and thus indicative of a lack of good faith, by holding a plan which failed to provide substantial or meaningful repayment could be an extraordinary circumstance indicating lack of good faith. The court continued, however, stating that "substantial payment" had to be determined from *all* the surrounding circumstances, not solely from the percentage of compromise.

Appellant argues in the instant case the bankruptcy court misconstrued § 1325 (a)(3), by holding that the language "good faith" required "substantial or meaningful" repayment before a plan could be confirmed. Appellant urges the interpretation that § 1325(a)(3) is meant to bar confirmation only where the debtor does not intend, in good faith, to effectuate the plan as proposed; or where the plan is proposed solely for some purpose not permitted under Title 11.

Although the United States Court of Appeals for the Tenth Circuit has not yet been presented with the "good-faith" controversy, several circuits have examined the issue. The Fourth and Eighth Circuits have both examined the issue carefully and have produced highly persuasive opinions which, in essence, reject a *per se* rule of substantial payment as an element of good faith. Both circuits held the good-faith requirement demanded independent determination, the proper inquiry of which should analyze whether or not the proposed plan constitutes an abuse of the provisions, purpose or spirit of Chapter 13. *See In Re Estus,* 695 F.2d 311 (8th Cir.1982); *Deans v. O'Donnell,* 692 F.2d 968 (4th Cir.1982).

Substantial or meaningful repayment of a proposed plan to the *Estus* court is "but one factor to be considered in deciding if a plan has been proposed in good faith; a court must make its determination based on all militating factors." *In Re Estus, supra,* at 316. The following list of relevant con-

siderations or factors, although by no means comprehensive, was cited in the *Estus* opinion as some factors which a court may consider helpful and meaningful when faced with making its determination of good faith:

"(1) the amount of the proposed payments and the amount of the debtor's surplus;

"(2) the debtor's employment history, ability to earn and likelihood of future increases in income;

"(3) the probable or expected duration of the plan;

"(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

"(5) the extent of preferential treatment between classes of creditors;

"(6) the extent to which secured claims are modified;

"(7) the type of debt sought to be discharged and whether any such debt is non-dischargeable in Chapter 7;

"(8) the existence of special circumstances such as inordinate medical expenses;

"(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

"(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and

"(11) the burden which the plan's administration would place upon the trustee." *Id.* at 317.

Although Judge Franklin's opinion employs the language "substantial or meaningful repayment," it must be noted that his finding of lack of good faith was not the result of a mere *per se* application of a minimum payment standard to unsecured creditors. The finding was, rather, the result of a "separate, independent determination" of all the circumstances, similar to that urged by both the Fourth and Eighth Circuit Courts of Appeals.

Specifically, at page 4 of his Memorandum Opinion and Order, Judge Franklin noted the *Syrus, supra,* opinion, which held: "'substantial payments' had to be determined case by case from *all* the circumstances including: income, minimal living expenses, foreseeable extraordinary expenses, percentage of compromise and the *nature of the debts in the plan.*" (Emphasis in original.) All of these factors were suggested by the Fourth and Eighth Circuits as meaningful and helpful to a court in making a determination of good faith.

In addition to his finding of failure of good faith due to the debtor's failure to provide substantial or meaningful repayment, Judge Franklin made a finding of lack of good faith based upon the debtor's "obvious intent to abuse the purpose and spirit of the Code ..." Memorandum Opinion and Order, p. 4. By so finding, Judge Franklin met the very test which is preferred by the majority of circuits which have reviewed the good-faith issue. *See In Re Estus, supra; Deans v. O'Donnel, supra; In Re Rimgale,* 669 F.2d 426 (7th Cir.1982); *Barnes v. Whelan,* 689 F.2d 193 (D.C.Cir. 1982); *In Re Polak,* 9 B.R. 502, 510 (D.C.W. D.Mich., 1981); *In Re Long,* 10 B.R. 880, 881–882 (D.C.D.S.D.1981); *In Re Kull,* 12 B.R. 654, 658–59 (D.C.S.D.Ga.1981). In light of the trend exemplified by the courts in *In Re Estus, supra,* and *Deans v. O'Donnell, supra,* and others, regarding the good-faith issue, the court affirms and adopts the legal conclusions of the bankruptcy judge that upon considering all relevant and all surrounding circumstances, appellant's proposed ten percent (10%) plan failed to demonstrate good faith as required under § 1325(a)(3).

■ Appellant's second issue for review must also be rejected. Appellant asserts the bankruptcy court failed to consider all the circumstances of the case when making a determination of the good faith issue. As this court stated earlier in this opinion, Judge Franklin considered several factors in his evaluation of the proposed plan, as he was bound to do by his previous decision in *In Re Syrus, supra.* Judge Franklin noted that of the many factors which must be considered, the two he weighed most heavily were the nature of the debts in the plan and the low percentage of compromise for unsecured debts. He found that the debtor's misconduct which resulted in denial of discharge of a Chapter 7 proceeding just three months prior to his Chapter 13 petition had been so pervasive and consuming that confirmation of the proposed Chapter 13 plan would be manifestly unjust and inequitable. This court agrees and finds adequate consideration of all the circumstances of the case was accorded the appellant by the bankruptcy judge; hence, this court adopts his findings on this issue in total.

## CONSIDERATION OF PREVIOUS CHAPTER 7 DISCHARGE DENIAL

■ Appellant's last point alleges Judge Franklin's consideration of the denial by Judge Barker of the previous Chapter 7 discharge as the sole basis for finding an intent to abuse the purpose and spirit of the code is reversible error. This court implicitly addressed this issue when it found Judge Franklin had employed *numerous* factors in reaching his decision that appellant's plan lacked good faith. This court finds that a previous denial of discharge in a Chapter 7 proceeding is one factor which may properly be considered when a court is required to make a determination of good faith.

Although a finding of non-dischargeability under Chapter 7 does not preclude compromise of the same debts in a Chapter 13 proceeding, it is a factor which may be considered when a determination of good faith is made. *See In Re Estus, supra,* at 317. This factor was not the sole basis for Judge Franklin's order, but was properly considered along with the other factors previously noted, and this court adopts and affirms in whole the conclusion of the bankruptcy judge on this issue.

The court finds all issues of law properly decided.

AFFIRMED.