**In re Gordon David CHAFFIN, Sr. f/d/b/a Greener Lawn Sprinkler Company, Debtor.**

**Bankruptcy No. 80–40025.**

United States Bankruptcy Court,
D. Kansas.

May 22, 1980.

Eugene C. Alford, Overland Park, Kan., for creditor.

Byron C. Loudon, Kansas City, Kan., for debtor.

MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

The debtor, Gordon David Chaffin, filed a Chapter 13 plan on January 11, 1980. The

plan scheduled full payment to priority and secured creditors and zero payment to all other creditors.

On February 20, 1980 an unsecured creditor, C. E. Tuttle, Jr., objected to confirmation of the debtor's plan. The creditor's objection was primarily based upon a contention that he should be given priority status but as an alternative the creditor relied upon 11 U.S.C. § 1325(a)(3), the good faith requirement, and mentioned that the debtor had been adjudicated a bankrupt within 6 years of his present filing.

During argument on his motion the creditor conceded that he was not entitled to a priority thus limiting the issues for decision to the debtor's questioned compliance with the good faith requirement of § 1325(a)(3), the 6 year bar of § 727(a)(8) or (9) and the remaining findings which the Court must make under § 1325.

## FINDINGS OF FACT

Gordon David Chaffin filed a voluntary petition and was adjudicated a bankrupt on September 10, 1975 in Wichita, Kansas. He was granted a discharge on April 20, 1976. On January 11, 1980 he filed an original petition and plan under Chapter 13 of Title 11 of the United States Code.

The debtor's plan calls for payment in full of all priority and secured debt. All other creditors are to be paid zero percent as no assets would be available to them in a liquidation proceeding under Chapter 7 of Title 11 United States Code. The plan reports debts, excluding real property, of approximately $19,000. That figure is comprised of $3,800 in priority claims, $3,500 in secured claims and the remainder is unsecured. The debtor proposed payment of $320 per month. The plan would pay out in 27 months. The debtor has a slight surplus in his budget after fixed expenses and plan payment but it is not sufficient to increase his payments to the plan.

## CONCLUSIONS OF LAW

This Court on numerous occasions has confirmed zero or minimal pay Chapter 13 plans. The justification for such confirmation has been that those plans confirmed technically comply with 11 U.S.C. § 1322, § 1325 and other applicable sections of Title 11. The rationale for such confirmation has been that so long as creditors receive no less than they would in a Chapter 7 liquidation they are not harmed by a Chapter 13 confirmation and the debtor is able to protect household goods, vehicles and other necessities from replevin by creditors who might not enter into voluntary reaffirmation agreements. The fresh start concept is certainly not at odds with such a use of Chapter 13 and judicial and administrative governance of an extension plan for secured creditors and composition plan for unsecured creditors is not necessarily violative of the spirit of the Code. The question here, however, is not whether such plans may be confirmed but whether or not such plans may be confirmed within 6 years of an adjudication, order for relief or Chapter XIII or 13 composition in which a discharge was granted.

The creditor submits that such plans are not filed in good faith, violate § 727(a)(8) and (9) of Title 11 U.S.C. and thus may not be confirmed pursuant to § 1325 of the Code. The debtor submits that § 1325 and § 1328 of Title 11 U.S.C. do not contain a specific prohibition against confirming or granting a discharge in composition plans filed within 6 years of filing of a proceeding in which a discharge was granted under the Bankruptcy Act or Code and that confirmation must thus be granted.

The sections of the Bankruptcy Code applicable to this case are:

Section 103 of Title 11 U.S.C. which in pertinent part reads as follows:

*(b) Subchapters I and II of chapter 7 of this title apply only in a case under such chapter.*

\*    \*    \*    \*    \*    \*

*(h) Chapter 13 of this title applies only in a case under such chapter.*

Section 727(a)(8) and (9) of Title 11 U.S.C. which reads as follows:

*(a) The court shall grant the debtor a discharge, unless—*

\*    \*    \*    \*    \*    \*

*(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371 or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition;*

*(9) the debtor has been granted a discharge under section 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least —*

*(A) 100 percent of the allowed unsecured claims in such case; or*

*(B)(i) 70 percent of such claims; and (ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort; . . .*

Section 727 of Title 11 U.S.C. appears in subchapter 11 of Chapter 7.

Section 1324 reads:

*After notice, the court shall hold a hearing on the confirmation of the plan. A party in interest may object to the confirmation of the plan.*

Section 1325(a)(3) and (4) of Title 11, which reads:

*(a) The court shall confirm a plan if—*
*. . .*

*(3) the plan has been proposed in good faith and not by any means forbidden by law;*

*(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;*

*. . .*

Section 1328 of Title 11 which provides that discharge, unless waived, shall be granted as soon as practicable after completion of a plan under Chapter 13. Discharge shall be of all debts except those for alimony and child support pursuant to § 523(a)(5) and for secured debts the term of payment for which extends beyond the termination date of the Chapter 13 plan. [§ 1322(b)(5)] Hardship discharge shall release the debtor from all debts except those mentioned in § 523(a) and § 1322(b)(5) or from debts incurred during the 13 where the creditor did not know of the 13 plan and the debtor could have obtained prior approval for incurring of the debt.

From these sections of the Code the following conclusions can be drawn.

(A) Section 103 states that Section 727 is inapplicable to Chapter 13 cases.

(B) Section 1328 provides generally that once confirmation is granted, discharge is inevitable so long as the debtor completes payment under the plan.

(C) Sections 1324 and 1325 provide under these circumstances the only real opportunity that unsecured creditors have to be heard and protect themselves from discharge.

Though it is clear that § 727(a)(8) and (9) have no specific application to discharge in Chapter 13 cases, the principles of equity are as much a part of the new Code as they were under the Act. A quote from Shakespeare's *Romeo and Juliet* succinctly makes the point. *What's in a name? That which we call a rose by any other name would smell as sweet.* As it was under the Act, so it is now under the Code that a Chapter 13 composition which pays unsecured creditors the same amount that they would receive in a Chapter 7 liquidation is tantamount to a Chapter 7 liquidation. Allowing a confirmation of such a Chapter 13 plan, where a discharge has been obtained either in a composition or liquidation under the old Act or new Code, is neither in keeping with the purpose or spirit of the Code as required by the good faith provision of § 1325(a)(3) nor in compliance with requirements of § 1325(a)(4). See *In re Greenman*, 10 F.Supp. 452 (D.C.S.D.Maine, 1935); *Collier on Bankruptcy*, 14th Ed., Vol. 10, § 29.06 pg. 339; *In re Terry*, 5 BCD 1397.

If the impact of the 6 year bar is still to prohibit debtors from escaping payment of debt as frequently as they choose and to prevent creating habitual bankrupts, then there is ample authority for denial of that

which the debtor seeks. See *In re Thompson*, 51 F.supp. 12 (D.C.W.D.Va., 1943); *In re Greenman, supra.* It is the Court's opinion that the 6 year bar is still to serve the aforementioned purposes. See § 727, also H.R. 95–595, 95th Cong. 1st Sess., pg. 117, U.S.Code Cong. & Admin.News 1978, at 6077. Though as previously stated § 727(a)(8) and (9) as a bar to discharge is not applicable to Chapter 13, the spirit of the Code under § 1325(a)(3) would certainly be violated should such plans be confirmed. Additionally, as recited by § 1325(a)(4) the creditor must receive under Chapter 13 the equivalent value it would receive under Chapter 7. The creditors under the circumstances existent here would not receive equivalent value in a Chapter 13 to the value they would receive in a Chapter 7 liquidation. In this Chapter 13 the unsecured creditors will receive nothing. In a Chapter 7 liquidation the creditors, though receiving no distribution in cash, would leave with their claims unscathed and intact by virtue of operation of § 727(a)(8) and (9). The debtor's inability to discharge his obligation to creditors in a Chapter 7 is the something of value creditors would receive or be paid in a Chapter 7 which they do not receive in a Chapter 13. As this Court has previously held in the case of *In re McMinn*, 4 B.R. 150, decided April 28, 1980, it is not necessary that creditors receive cash for their claim in a Chapter 7 liquidation in order for payment to be received by them in the proceeding. Value as represented in that case by a nondischargeable judgment or in this case by total nondischarge is a form of payment received by creditors sufficiently tangible to be capable of ascertainment in monetary terms. Unless and until a Chapter 13 plan provides for payment of such value and thus becomes an extension rather than a composition plan, it cannot be confirmed. To reach a contrary decision, at least to this Court, would be tantamount to allowing multiple Chapter 7's within 6 years merely by changing chapter designation and nothing more. This would be an absurd and unjust result which the Court need not and should not reach. See *In re Chapman*, 166 U.S. 661, 17 S.Ct. 677, 41 L.Ed. 1154 (1896).

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.