BRIGHT, Circuit Judge.
 

 Appellant Carol Jean Baker filed a plan for the adjustment of her debts under Chapter 13 of the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 1301-1330 (1982). The bankruptcy court refused to confirm Baker’s Chapter 13 plan, and summarily dismissed her case, solely because she had, within six years prior to filing for Chapter
 
 *482
 
 13 relief, obtained a discharge in bankruptcy under the Bankruptcy Act.
 

 We hold that a previous discharge in bankruptcy within six years of filing for Chapter 13 relief does not by itself automatically bar relief under Chapter 13. We reverse the decision of the bankruptcy court in this case and remand for appropriate further proceedings.
 

 We observe initially that, though the Bankruptcy Reform Act bars
 
 Chapter 7
 
 relief within six years after a discharge under Chapters 7, 11, or, in some circumstances, 13, it contains no comparable bar to
 
 Chapter 13
 
 relief within six years after a previous discharge under either Chapter 7 or Chapter 13.
 
 See
 
 11 U.S.C. §§ 727(a)(8) and (9) and 103(b). The decision of the bankruptcy court in this case does not rest directly, then, on any provision of the Act.
 

 Rather, the bankruptcy court relies, apparently, on the reasoning of
 
 In re Chaffin,
 
 4 B.R. 324 (Bkrtcy.D.Kan.1980). In
 
 Chaffin,
 
 the debtor filed a Chapter 13 plan less than four years after obtaining a previous discharge in bankruptcy. Under Chaffin’s proposed Chapter 13 plan his unsecured creditors would have received nothing at all. The bankruptcy court refused to confirm the plan, on the ground that a Chapter 13 plan that paid unsecured creditors nothing amounted in effect to a Chapter 7 liquidation. The court regarded Chaf-fin’s Chapter 13 filing as nothing more than an attempt to obtain through Chapter 13 the complete relief from unsecured creditors which the six-year bar precluded him from obtaining under Chapter 7. The court refused to allow Chaffin to use Chapter 13 to circumvent the clear purpose behind section 727(a)(8) and (9), namely that
 
 liquidation
 
 not be available to a debtor who has within the preceding six years obtained a discharge in bankruptcy.
 
 Cf. In re DeSimone,
 
 6 B.R. 89, 92 (Bkrtcy.S.D.N.Y.1980) (court may dismiss or convert Chapter 13 plan to Chapter 7, where such plan contravenes the legislative purpose underlying Chapter 13).
 

 We have no quarrel with the
 
 Chaffin
 
 rationale, but we think it inapplicable to the case before us. Unlike Chaffin, debtor-appellant Baker apparently does not seek to obtain through Chapter 13 the functional equivalent of a Chapter 7 liquidation. Rather, she anticipates paying her unsecured creditors at least 50% of their allowed claims. Though the record before us contains insufficient information for us to determine whether Baker’s plan meets the confirmation requirements of 11 U.S.C. § 1325(a), including the good faith requirement of section 1325(a)(3), the record contains no indication whatever that her Chapter 13 filing is a disguised liquidation plan of the sort the
 
 Chaffin
 
 court held subject to the six-year bar. In the absence of any such indication, summary dismissal of a Chapter 13 case for the sole reason that the debtor had obtained a discharge in bankruptcy within the previous six years was improper.
 

 We therefore reverse and remand the case to the bankruptcy court, for determination whether Baker’s plan meets the requirements of section 1325(a). We hold only that a debtor’s having obtained a discharge within six years prior to filing for Chapter 13 relief does not by itself automatically bar the debtor’s Chapter 13 claim. Whether, in any individual case, a debtor’s Chapter 13 filing amounts to a disguised liquidation plan, brought under Chapter 13 only because section 727(a)(8) or (9) precludes the debtor from obtaining Chapter 7 relief, remains a question of fact for the determination of the bankruptcy court in each case.
 
 See, e.g., In re Sheets,
 
 26 B.R. 523 (Bkrtcy.D.N.M.1983);
 
 In re Burrell,
 
 6 B.R. 360, 366 (N.D.Cal.1980);
 
 In re DeSimone, supra,
 
 6 B.R. 89, 91-92.