In re Richard E. SCHULDIES and Deanna Schuldies, Debtors.

Richard E. SCHULDIES and Deanna Schuldies, Appellants,

v.

UNITED STATES of America, acting through the FARMERS HOME ADMINISTRATION, Appellee.

No. 90–5091.
Bankruptcy No. 90–50001–INH.

United States District Court,
D. South Dakota, W.D.

Dec. 14, 1990.

John H. Mairose, Rapid City, S.D., for debtors, appellants.

Thomas A. Lloyd, Asst. U.S. Atty., Pierre, S.D., for appellee.

## MEMORANDUM OPINION AND ORDER ON REMAND

BATTEY, District Judge.

### PROCEDURAL HISTORY

This matter comes before the Court on appeal from the United States Bankruptcy Court for the District of South Dakota.[1] On June 27, 1990, the bankruptcy court entered its order granting the Farmers Home Administration's (FmHA) motion to dismiss this Chapter 12 proceeding. Notice of appeal was filed July 9, 1990. Both

---

1. The Honorable Irvin N. Hoyt, Chief Judge.

parties have submitted their respective arguments and authorities. For the reasons set forth in this opinion, the Court remands the case for further proceedings.

## FACTS

Richard E. Schuldies and Deanna Schuldies (Schuldies) are ranchers residing and operating on owned and leased land in Butte County, South Dakota.

On May 15, 1985, Schuldies filed a Chapter 11 petition for reorganization. Due proceedings were had on the petition which resulted in a confirmed plan on May 9, 1986. The bankruptcy continued until terminated with a final decree on September 8, 1988. The plan met the requirements of 11 U.S.C. § 1101(2) for substantial consummation.[2]

On January 2, 1990, Schuldies filed a Chapter 12[3] petition for reorganization, followed by a plan of reorganization on March 29, 1990. The plan included reference to four creditors: Butte County Treasurer, Farm Credit Bank of Omaha (FCBO), FmHA, and First Western Bank. The previously confirmed Chapter 11 plan also included these same obligations. At the time of the filing of the Chapter 12 plan, Schuldies were current on the requirements of the Chapter 11 plan as related to the payments to FCBO, but were delinquent on their payments to Butte County and FmHA. The reason for the filing of the Chapter 12 petition was the inability of Schuldies to comply with the confirmed plan under the previous Chapter 11 bankruptcy.

On March 1, 1990, FmHA filed a motion in bankruptcy court for dismissal of the Chapter 12 petition on the grounds that Schuldies' Chapter 12 petition was not filed in good faith. On March 15, 1990, FCBO filed its motion to dismiss Schuldies' Chapter 12 bankruptcy case on the grounds that Schuldies had a pending Chapter 11 case.

The bankruptcy court filed a memorandum opinion on June 27, 1990, which included the court's findings of fact and conclusions of law. The court dismissed the Chapter 12 petition. It held that Schuldies were attempting to modify a substantially consummated Chapter 11 plan and that the filing of the subsequent Chapter 12 petition was "tantamount to an impermissible post-confirmation modification of a substantially consummated Chapter 11 plan." Memorandum opinion, page 5.

## ISSUE

The question presented is whether a Chapter 12 bankruptcy petition can be filed after a completed Chapter 11 reorganization.

## STANDARD OF REVIEW

The district court reviews the bankruptcy court's order acting as an appellate court. 28 U.S.C. § 158(a); *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir.1987). The bankruptcy court's legal conclusions are reviewed *de novo* and the court's findings of fact are not to be set aside unless clearly erroneous. Bankruptcy Rule 8013; *Wegner,* 821 F.2d at 1320.

## DISCUSSION

There is no per se rule against successive filings. The parties cite no case and the Court is unable to find one which states that there may not be successive filings of bankruptcy petitions. A bona fide change in circumstances may justify a debtor's multiple filings. *See In re Metz,* 820 F.2d 1495, 1498 (9th Cir.1987) (citing in

**2.** 11 U.S.C. § 1101(2) defines substantial consummation in part as follows:

> (2) "Substantial consummation" means ...
> (A) transfer of all or substantially all of the property proposed for the plan to be transferred;
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or sub-

stantially all of the property dealt with by the plan; and
> (C) commencement of distribution under the plan.

**3.** Chapter 12 is a plan utilized to reorganize the family farm and was effective November 26, 1986, entitled the Family Farmer's Bankruptcy Act of 1986, Pub.L.No. 99–554, 100 Stat. 3088, 11 U.S.C. § 1201 *et seq.*

Chapter 13 context, *In re Johnson,* 708 F.2d 865, 868 (2d Cir.1983)).

■ An inquiry into whether or not successive filings should be permitted always raises the question of good faith. The bankruptcy court must be concerned whether or not there was a strategy behind the subsequent filings to frustrate statutory requirements and abuse the bankruptcy process. *In re Chisum,* 847 F.2d 597, 600 (9th Cir.1988).

■ Bad faith essentially may be found in at least two contexts. First, there may be bad faith in the filing of the subsequent Chapter 12 bankruptcy which in and of itself would warrant a dismissal under Bankruptcy Code 1208. Such a finding of bad faith could give rise to sanctions. *See, e.g., Weiszhaar Farms, Inc. v. Livestock State Bank,* 113 B.R. 1017 (D.S.D.1990). Second, there is a requirement of good faith in proposing a plan. *See* 11 U.S.C. § 1225(a)(3).[4] A finding of bad faith in proposing a plan could also give rise to sanctions.

The determination of good faith is a factual determination to be resolved by the bankruptcy court. Sitting as an appellate court in this case, it is inappropriate for this Court to do so.

This Court believes that if presented with the issue of successively filed bankruptcy petitions, the Eighth Circuit would apply a good faith test. *In re Baker,* 736 F.2d 481 (8th Cir.1984); *In re Culbreth,* 87 B.R. 225 (M.D.Ga.1988).

■ In this case the bankruptcy court disagreed with the decision in *Culbreth* and declined to follow it. The court based its decision for dismissal on 11 U.S.C. § 1127(b), concluding that Schuldies were attempting to modify a substantially consummated Chapter 11 plan which was impermissible. No examination of good faith was made through the evidentiary process.

One of the problems with the court's legal conclusion was that the Schuldies' Chapter 11 plan was not only substantially consummated, it was terminated with a final decree entered on September 8, 1988. This is not to say that the entrance of a final decree in a Chapter 11 proceeding permits the unbridled filing of a subsequent Chapter 12 proceeding. It is only one of the factors which should be considered. The fact that a bankruptcy has been concluded may obviate any argument that a subsequently filed petition constitutes an impermissible *de facto* conversion from a Chapter 11 to Chapter 12 proceeding. *See, e.g., In re Erickson Partnership,* 856 F.2d 1068 (8th Cir.1988).

In the case of *In re Baker,* 736 F.2d 481 (8th Cir.1984), the panel was faced with a case where the debtor filed a plan for the adjustment of her debts under Chapter 13 of the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 1301–1330 (1982). (Chapter 13 is structurally similar and therefore analogous to Chapter 12.) Since the Bankruptcy Reform Act barred Chapter 7 relief within six years after discharge under Chapters 7, 11, or in some circumstances, 13, the court found no comparable bar to Chapter 13 relief within six years after previous discharge under either Chapter 7 or Chapter 13. The bankruptcy court relied on the reasoning of *In re Chaffin,* 4 B.R. 324 (D.Kan.1980) where the debtor had filed a Chapter 13 plan less than four years after obtaining a previous discharge in bankruptcy. The *Chaffin* court refused to confirm the plan on the ground that a Chapter 13 plan that paid unsecured creditors nothing amounted in effect to a Chapter 7 liquidation. The court regarded Chaffin's Chapter 13 filing as nothing more than an attempt to obtain through Chapter 13 the complete relief from unsecured creditors which the six-year bar precluded him from obtaining under Chapter 7. The *Baker* court found the rationale of Chaffin inap-

---

**4.** 11 U.S.C. § 1225 provides in part as follows:

1225. Confirmation of plan.

(a) ... the court shall confirm a plan if—

. . . . .

(3) the plan has been proposed in good faith and not by any means forbidden by law.

 

plicable since there was a plan to pay a certain amount to the unsecured creditors, but held that the record contained insufficient information to determine whether or not the debtors' plan met the confirmation requirements of 11 U.S.C. § 1325(a), including the good faith requirement of section 1325(a)(3). The court reversed and remanded the case to the bankruptcy court for a determination of whether the bankruptcy plan met such requirements. *In re Baker* appears to also instruct this Court to reverse and remand this case for a similar determination. Upon remand, the bankruptcy court should address the good faith issues of (1) whether or not the filing of the Schuldies petition constituted good faith; and (2) assuming that the petition itself was filed in good faith, was the Chapter 12 plan filed in good faith.

█ Good faith involves a myriad of factors. A non-exhaustive list would include consideration of (1) the length of time between the discharge of the Chapter 11 and the filing of the petition of Chapter 12 (in this case fifteen months); (2) the question of whether or not the filing was made in order to obtain the favorable treatment of the congressionally-imposed automatic stay provisions of the bankruptcy law (*Weiszhaar Farms, Inc. v. Livestock State Bank,* 113 B.R. 1017 (D.S.D.1990)); (3) the effort made to comply with the previously confirmed and substantially consummated Chapter 11 plan; (4) the fact that Congress intended that a debtor achieve bankruptcy goals by the filing of a single case; and (5) any other facts the court finds to be relevant on the issue of good faith. *In re Russo,* 94 B.R. 127, 129 (N.D.Ill.1988). The court should examine the "totality" of the circumstances surrounding the filing. *In re Metz,* 820 F.2d 1495 (9th Cir.1987). The findings and conclusion of the bankruptcy court could then be examined on appeal under the clearly erroneous standard of review.

## ORDER

Based upon the above and foregoing memorandum opinion, the above-entitled matter is remanded to the United States Bankruptcy Court for further proceedings consistent with this opinion.