**In the Matter of Joseph and Lisa STRAUSS, Debtors.**

**Bankruptcy No. BK94–41143.**

United States Bankruptcy Court, D. Nebraska.

July 3, 1995.

David and Shirley Williams, Lincoln, NE, pro se objecting creditors.

Jan E. Beran, Lincoln, NE, for debtors.

### *MEMORANDUM*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case is before the court to consider confirmation of Debtors' Chapter 13 Plan. The objecting creditors assert that debtors' previous Chapter 7 discharge precludes confirmation and that this Chapter 13 case should be dismissed for lack of good faith. The plan is not confirmed.

## FINDINGS OF FACT

The debtors, Joseph and Lisa Strauss, filed a Chapter 7 bankruptcy case in the District of Nebraska on April 26, 1990, Case No. BK90–40152, and a discharge order was duly entered on June 4, 1990. The debtors filed the present Chapter 13 bankruptcy on October 7, 1994. By the time this bankruptcy case was commenced, the debtors had accumulated considerable new debt, and had limited assets. The summary of the bankruptcy schedules indicates that when this case was filed, the debtors had assets worth $82,650.00, including a home valued at approximately $60,000.00. The debtors' liabilities total $168,985.55. Of that amount, $62,656.00 are secured claims, and $21,064.48 are unsecured claims entitled to priority in payment before other unsecured creditors. The priority claims include $19,912.19 in unpaid taxes. In addition, the schedules show that the debtors have $85,265.07 in unsecured non-priority claims. The debtors' gross income is only $2,244.99 per month.

Under the proposed plan a total of $33,470.51 will be paid to the trustee over a sixty (60) month period. Those payments are allocated as follows under the plan.

|   |   |   |
|---|---|---|
| a. | Total Priority Claims | |
|  | 1. Unpaid attorney's fees | $ 900.00 |
|  | 2. Taxes | $21,300.19 |
|  | 3. Other | $ 1,304.77 |
| b. | Total payments on secured claims | $ 6,922.85 |
| c. | Total payments on unsecured claims | $ —0— |
| d. | Subtotal | $30,427.81 |
| e. | Total Trustee's Compensation (10% of debtor's payments) | $ 3,042.70 |
| f. | Total debt and administrative expenses | $33,470.51 |

The debtors will pay all of their disposable income to the trustee under the plan, as is contemplated by the confirmation standards of Chapter 13. 11 U.S.C. § 1325(b) (1995). In addition, all other requirements for confirmation, except § 1325(a)(3), are undisputed and appear to be met. 11 U.S.C. §§ 1322 and 1325(a)(1), (2), (4), (5), and (6) (1995). Specifically, the requirement of § 1325(a)(4) is met, in that if the debtors were permitted to file a Chapter 7 case, the unsecured creditors would receive nothing which is the same amount they are to receive under the proposed plan. The sole basis for the objection to confirmation is a lack of good faith pursuant to § 1325(a)(3). 11 U.S.C. § 1325(a)(3) (1995).

## CONCLUSIONS OF LAW

The argument of the objecting creditors is straightforward. They assert that, as a matter of law, the Chapter 13 plan was filed in bad faith because it was filed less than six years after a Chapter 7 discharge was obtained by the debtors, and the proposed plan provides for no payments to current unsecured creditors. Since, under § 727(a)(8) the debtors are not eligible to receive a discharge in a Chapter 7 case within six years of their previous Chapter 7 discharge, it is argued that the debtors should not be permitted to circumvent that prohibition by filing a Chapter 13 case providing zero payments to unsecured creditors in an attempt to obtain a Chapter 13 discharge.

As stated by the Eighth Circuit Court of Appeals in *In re Baker*, 736 F.2d 481 (8th Cir.1984):

> [A] debtor's having obtained a discharge within six years prior to filing for Chapter 13 relief does not by itself automatically bar the debtor's Chapter 13 claim. Whether, in any individual case, a debtor's Chapter 13 filing amounts to a disguised liquidation plan, brought under Chapter 13 only because section 727(a)(8) or (9) precludes the debtor from obtaining Chapter 7 relief, remains a question of fact for the determination of the bankruptcy court in each case.

*In re Baker*, 736 F.2d at 482 (citations omitted).

Similarly, the Supreme Court recently concluded that "... Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief." *Johnson v. Home State Bank*, 501 U.S. 78, 87, 111 S.Ct. 2150, 2156, 115 L.Ed.2d 66 (1991). This Chapter 13 case should not be summarily dismissed on the sole ground that it was filed within six years of debtors receiving a discharge in a previous Chapter 7 case.

However, confirmation of a Chapter 13 plan requires that the conditions of § 1325 be satisfied. The objecting creditors assert

that § 1325(a)(3) has not been met in this case. Subsection 1325(a)(3) requires that the plan be proposed in good faith. In determining whether Chapter 13 plans are filed in good faith, a bankruptcy court should consider the totality of circumstances of the debtor, including such factors as: 1) the amount of proposed payments to creditors; 2) the debtor's employment history and earning capability; 3) the duration of the plan; 4) the accuracy of information in the plan; 5) whether there is preferential treatment between creditors; 6) whether the plan modifies secured claims; 7) type of debt sought to be discharged; and 8) whether the debtor has filed bankruptcy before. See *In re Estus*, 695 F.2d 311, 315 (8th Cir.1982). See also *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1226, 1227 (8th Cir.1987) and *In re LeMaire*, 898 F.2d 1346, 1348–49 (8th Cir. 1990). The good faith inquiry concerns, in part, whether the plan constitutes an abuse of the provisions, purpose, or spirit of Chapter 13. *In re Estus*, 695 F.2d at 315.

Section 105 of the Bankruptcy Code also provides authority to deny confirmation, or to dismiss a Chapter 13 case in those limited circumstances where the Chapter 13 case constitutes an abuse of the bankruptcy process.

### DISCUSSION

█ In regard to the question of whether the plan is filed in good faith, I have considered the factors enumerated by the Eighth Circuit Court of Appeals in *In re Estus*. If the debtor had not received a Chapter 7 discharge within the past six years, I would conclude that the proposed plan was filed in good faith and the plan would be confirmed. The amount of payments under the plan are substantial in light of the debtors' relatively low income. The plan also proposes to make payments to creditors for a full 60 months, a term not technically required by the confirmation standards, which permit a 36 month plan. In addition, I have no reason to believe that the bankruptcy schedules and statements of affairs of the debtors are inaccurate.

However, based on the Eighth Circuit Court of Appeals decision in *In re Baker*, I conclude that a Chapter 13 plan should not be confirmed if all following conditions are met:

(1) The debtor received a Chapter 7 discharge within six years prior to filing the Chapter 13 case;

(2) Section 727 would bar the debtor from obtaining a Chapter 7 discharge in a Chapter 7 case filed on the date the Chapter 13 case was commenced; and

(3) The proposed Chapter 13 plan amounts to no more than a Chapter 7 liquidation.

The first two circumstances are clearly present in this case. The debtor received a Chapter 7 discharge within the past six years and, if this were a Chapter 7 case, § 727 would bar discharge. The issue is whether the proposed Chapter 13 plan amounts to no more than a liquidation. This, of course, raises a subsidiary issue: When does a Chapter 13 plan constitute a Chapter 7 liquidation?

█ I conclude that a Chapter 13 plan amounts to no more than a Chapter 7 liquidation if the plan does not provide to pay *unsecured* creditors significantly more than they would receive in a Chapter 7 case. Chapter 13 is fundamentally different than Chapter 7. A Chapter 13 debtor retains all property of the estate and makes payments to creditors. In Chapter 7, a court appointed trustee liquidates non-exempt property of the estate in which there is equity, and the proceeds are then distributed to creditors. The essential substantive distinction between Chapter 7 and Chapter 13 is that in Chapter 13 the debtor makes payments to the trustee for 3 to 5 years through a plan of reorganization. If the Chapter 13 plan does not propose to pay unsecured creditors more than they would receive in a Chapter 7 case, the substantive result to unsecured creditors under the plan is the same as it would be had debtor filed a Chapter 7 case. Such a zero payment plan should not be permitted to circumvent § 727(8).

Under the proposed plan before the court, nonpriority unsecured creditors will be paid nothing while the debtors will pay their tax liabilities in full and make payments on se-

cured claims. Payment of attorney fees, priority tax claims, and secured claims is not sufficient to avoid characterization of the plan as a disguised Chapter 7 liquidation. In a Chapter 7 case secured creditors are paid the value of their collateral. Therefore, the Chapter 13 plan provision for payments to secured creditors is not a valid basis for distinguishing this Chapter 13 plan from a Chapter 7 liquidation. The payment of attorney fees in the plan will benefit only the debtors personally and does not provide a substantive basis for concluding that the Chapter 13 plan is more than a Chapter 7 liquidation. Finally, although the proposed Chapter 13 plan provides to make payments on priority tax claims from debtors' future income, this fact does not adequately distinguish the present case from a Chapter 7 liquidation.

Under Chapter 7, the tax claims would be entitled to priority in payment before payments to unsecured creditors. In addition, if the proceeds of liquidation in a Chapter 7 bankruptcy were not sufficient to pay priority tax claims in full, the Internal Revenue Service would be free to assert that the debtors' obligation to pay taxes is excepted from discharge under § 523(a)(1). Since under the Chapter 7, the priority tax claims would be entitled to full payment before the claims of other unsecured creditors, the debtors' proposed payment of the priority tax claim in the Chapter 13 plan does not provide a sufficient basis, on the facts of this case, from which to conclude that the proposed Chapter 13 plan is more than a disguised liquidation.

I conclude, as a finding of fact, that the proposed Chapter 13 plan in this case amounts to no more than a disguised Chapter 7 liquidation plan. The debtors are not eligible for a Chapter 7 discharge under § 727(a)(8) as they have received a Chapter 7 discharge within six years of this case. The debtors should not be permitted to circumvent § 727(a)(8) by filing a Chapter 13 plan that would pay unsecured creditors no more than they would receive in a Chapter 7 bankruptcy case.

The proposed plan is not confirmed, however the debtors will be provided an opportunity to file an amended plan. A separate order will be entered in conformance herewith.