JAFTEX CORPORATION and Insurance Company of North America, Appellants,

v.

AETNA CASUALTY AND SURETY COMPANY and Randolph Mills, Inc., Appellees.

No. 79–1265.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 4, 1980.

Decided March 31, 1980.

John H. Hasty, Charlotte, N. C. (R. C. Carmichael, Jr., Wade & Carmichael, Charlotte, N. C., on brief) for appellants.

Robert L. Burchette, Charlotte, N. C. (Marvin K. Gray, Golding, Crews, Meekins, Gordon & Gray, Harry C. Hewson, Jones, Hewson & Woolard, Charlotte, N. C., on brief) for appellees.

Before BRYAN, Senior Circuit Judge, and RUSSELL and PHILLIPS, Circuit Judges.

PER CURIAM:

In this diversity action plaintiffs, Jaftex Corporation and the Insurance Company of North America, sought a declaratory judgment that they were entitled to coverage under a policy of liability insurance issued by defendant Aetna Casualty and Surety Company to defendant Randolph Mills, Inc., a corporation located in Franklinville, North Carolina. The district court granted defendants' motion for summary judgment. We conclude that the entry of summary judgment was correct and affirm.

■ Jaftex brought this action after it was named as defendant in a suit filed in the District of Massachusetts. The Massachusetts suit alleged injuries to a minor

plaintiff who was burned when her pajamas caught fire. Jaftex sold the pajama fabric to certain other defendants in the Massachusetts action. Jaftex purchased the fabric from Randolph Mills. Aetna issued an insurance policy to Randolph Mills that included a "vendors endorsement." The endorsement insured vendors of Randolph Mills' products. The endorsement did not by its terms limit its coverage to particular vendors, but it included a statement of premium which was to be a percentage of sales by Randolph Mills to Montgomery Ward only.

In ruling on the motion for summary judgment the district court considered affidavits filed by both parties. Jaftex argues that the contract unambiguously extended coverage to all vendors, and, therefore, extrinsic evidence could not be considered. Although a court may not look outside the contract if it contains an unambiguous expression of intent, *Corbin v. Langdon*, 23 N.C.App. 21, 208 S.E.2d 251 (1974), external matters may be considered when the terms of the written instrument are ambiguous; extrinsic evidence may be used to make the meaning of the instrument plain but may not be used to contradict or vary the written agreement. *American Potato Co. v. Jenette Brothers*, 172 N.C. 1, 89 S.E. 791 (1916). The same rules apply to policies of insurance, and extrinsic evidence may be considered if the policy is ambiguous. *Williams v. Greensboro Fire Insurance Co.*, 209 N.C. 765, 185 S.E. 21 (1936).

We believe the premium term in the endorsement gives rise to ambiguity, and, therefore, consideration of extrinsic matters was correct. The affidavits produced by defendants clearly revealed the intent of the parties to the policy, Randolph Mills and Aetna, to provide insurance coverage with respect to products sold by Randolph Mills to Montgomery Ward only. Jaftex presented nothing that refuted defendants' showing of the coverage intended by the parties to the contract of insurance. Because no genuine issue of material fact existed, the entry of summary judgment for defendant was correct.

AFFIRMED.