In re Thomas Avery NYE, Sr., Debtor.

**GREAT AMERICAN INSURANCE COMPANY, Plaintiff,**

v.

**Thomas Avery NYE, Sr., Defendant.**

**Bankruptcy No. 85–32364–ATS.
Adv. No. S–86–0073–AP.**

United States Bankruptcy Court,
E.D. North Carolina.

Sept. 8, 1986.

**760**

John D. Haywood, George W. Miller, Jr., Durham, N.C., for Great American.

Charles B. Nye, Durham, N.C., Ocie F. Murray, Jr., Fayetteville, N.C., for debtor.

## MEMORANDUM OPINION

A. THOMAS SMALL, Bankruptcy Judge.

In this adversary proceeding Great American Insurance Company objects to the chapter 7 debtor's discharge pursuant to 11 U.S.C. § 727(a)(5). A trial was held in Raleigh, North Carolina, on August 29, 1986.

## JURISDICTION

This bankruptcy court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(J), which this court may hear and determine.

## FACTS

The debtor, Thomas Avery Nye, Sr., filed a voluntary petition under chapter 7 of the Bankruptcy Code on December 23, 1985. The debtor's schedules list only two creditors, Great American Insurance Company ($700,000) and Page & Page, P.A., a law firm ($1,000). There is no dispute that the Great American claim is a claim against the debtor individually and is not a joint claim against the debtor and his wife.

The plaintiff, Great American Insurance Company, alleges in its complaint that at the debtor's meeting of creditors held on February 6, 1986, the debtor failed to respond to questions concerning a joint conveyance by the debtor and his wife (Nannie Lee Nye) of real property held by them as tenants by the entirety to the debtor's wife individually and an assignment by the debtor to his wife of his interest in a jointly held note and deed of trust.

The plaintiff, however, presented no evidence to substantiate that allegation. No transcript of the 341 meeting was introduced or made available to the court.[1] Also, the plaintiff offered no evidence to show that the debtor refused to answer any question asked by the trustee or any creditor concerning the two transactions. The adversary proceeding file indicates that the plaintiff served one interrogatory asking the debtor to explain the transfer of the real property. The answer to the interrogatory was not filed with the court,[2] but

---

1. Pursuant to 11 U.S.C. § 341(c) the court may not preside at, and may not attend, a § 341(a) meeting of creditors.

2. Rule 5(d) of the Federal Rules of Civil Procedure allows the court to direct that answers to interrogatories not be filed unless on order of the court or for use in the proceeding. Al-

though there is no local Bankruptcy Rule regarding the filing of answers to interrogatories with the court, the Local Rules for the U.S. District Court for the Eastern District of North Carolina (Local Rule 3.09, EDNC) provide that answers are not to be filed with the court unless ordered by the court or if they are to be used in the proceeding.

there is no suggestion that the defendant did not answer the interrogatory or that the debtor's response was insufficient.

The transfer of the real property was accomplished by a warranty deed dated November 29, 1984, and recorded on December 3, 1984 (Plaintiff's Exhibit # 1). The debtor testified at the trial, but his testimony concerning the real property was less than illuminating. He testified that he did not remember the details of the transaction, did not understand it, and relied entirely on the advice of counsel. Mr. Charles B. Nye, one of the debtor's attorneys, did not testify, but candidly represented to the court that the real property was transferred on his advice to protect the property in the event that the debtor outlived his wife. Prior to the transfer, the real property was held as tenants by the entirety and thus was not subject to the claims of the debtor's individual creditors (including Great American). If Mrs. Nye predeceased the debtor, he would have become the owner of the property individually and the property would have been subjected to the claims of the debtor's creditors. It is clear that the joint transfer of the real property to Mrs. Nye was made without consideration and for the purpose of protecting the property from the claims of the debtor's creditors (particularly Great American's) in the event the debtor outlived his wife. The court finds that the real property transfers have been satisfactorily explained.

The assignment of the note and deed of trust was dated November 29, 1984, and was recorded on December 3, 1984 (Plaintiff's Exhibit # 3).[3] The original note and the deed of trust were executed by Ronnie M. Nye and Linda Nye in favor of the debtor and his wife. Again, the debtor had no recollection of the transfer but his son, Ronald Michael Nye ("Ronnie M. Nye"), and his former lawyer, Richmond H. Page, were called to explain the assignment. Essentially, their testimony was that the note

and deed of trust should never have been issued to the debtor as joint payee and joint beneficiary in the first place and that the assignment was done to correct that error. The explanation was that the debtor's wife had intended to lend the debtor's son $23,000 to help him pay his obligations to Southern National Bank. The note and deed of trust were prepared in anticipation of that $23,000 loan, but the loan was never consummated. Instead, the debtor's wife bought, with her funds, a $23,000 certificate of deposit which was held by Southern National Bank for six months. Eventually, these funds were paid to Southern National Bank on her son's behalf and a second note and a new deed of trust were executed by Ronald Nye in favor of the debtor's wife individually. In an attempt to preserve the priority date established by the first note and deed of trust, the note and the deed of trust were assigned to the debtor's wife.

The court finds that the assignment of the note and deed of trust to Mrs. Nye has been satisfactorily explained and that the plaintiff has not met its burden of showing that the debtor has not satisfactorily explained the loss of assets.

## DISCUSSION AND CONCLUSIONS

One of the primary purposes of the bankruptcy act is to "relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes." This purpose of the act has been again and again emphasized by the courts as being a public as well as private interest, in that it gives to the honest but unfortunate debtor who surrenders for distribution the property which he owns at the time of bankruptcy, a new opportunity in life and a clear field for future effort.

---

**3.** The document is titled "Assignment of Note and Deed of Trust," but the language in the body of the document only purports to transfer the debtor's interest in the deed of trust. There

appears to be no dispute, however, that a joint note was also transferred to Mrs. Nye individually.

*Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230, 1235 (1934) (citations omitted).

The discharge provided in 11 U.S.C. § 727 "is the heart of the fresh start provisions of the bankruptcy law." H.R.Rep. No. 595, 95th Cong., 1st Sess. 384 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6340.

The solicitude of Congress, however, stops at the debtor who does not measure up to that appealing image ("honest but unfortunate debtor") and who has engaged in grossly irresponsible or fraudulent conduct, has been recalcitrant during the case or has overutilized the privilege.

Riesenfeld, *Creditors' Remedies and Debtors' Protection* 729 (3d ed. 1979).

Section 727(a) of the Bankruptcy Code sets out several grounds upon which a debtor's discharge will be denied. The subsection upon which the plaintiff bases its objection is § 727(a)(5) which provides that the discharge will be denied if:

the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

■ The burden of proof in any complaint objecting to a debtor's discharge is on the plaintiff. Bankruptcy Rule 4005. But, with respect to objections under § 727(a)(5),

[o]nce the plaintiff meets the initial burden of producing evidence to prove the facts to establish the objection, the burden of going forward with the evidence that will "explain satisfactorily" the losses or deficiencies shifts to the debtor.

L. King, 4 *Collier on Bankruptcy* ¶ 727.08, at 727.64 (15th ed. 1986).

■ The plaintiff has not met its burden in this proceeding. There is no showing that the debtor failed to respond to any question by the trustee or a creditor concerning the transfer of the real property or the assignment of the note and deed of trust. An explanation of those transfers was not required by the debtor's schedules,[4] and there is no evidence before the court to suggest that the debtor failed to provide an explanation in response to questions at the 341 meeting, in response to any interrogatories, in response to any informal request of the trustee,[5] or in response to a request under Bankruptcy Rule 2004.

In effect, the plaintiff has used this adversary proceeding objecting to discharge under § 727(a)(5) to obtain an explanation of the transfers. It would have been more appropriate for the plaintiff to request the information under Bankruptcy Rule 2004 and to then object to the debtor's discharge if the explanation received was not satisfactory.

■ Section 727(a)(5) requires that there be a satisfactory explanation of the loss of an asset, but does not require that the explanation be meritorious. W. Norton, *1 Norton Bankr.L. & Practice* § 27.20 at 27–39 (1982). "Properly construed, the objection should not be sustained based on the substantive character of the explanation." *Id.* The court need only decide whether the explanation satisfactorily describes what happened to the assets, not whether what happened to the assets was proper.

■ The debtor's failure to recall the transactions would not excuse the requirement for a satisfactory explanation, and if all the court had was his testimony, the result of this proceeding would be different.

Both the transfer of the real property and the assignment of the note and deed of trust were well documented. In fact, the recorded documents were attached to the

---

4. Question #12 of Official Bankruptcy Form No. 7 (Statement of Financial Affairs for Debtor Not Engaged in Business) asks about transfers "during the year immediately preceding" the filing of petition, but the Form No. 7 does not ask about transfers before that time.

5. The debtor has a duty to cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties and to assist in the administration of the estate. 11 U.S.C. § 521(3) and Bankruptcy Rule 4002(4).

plaintiff's complaint. The testimony of the debtor, Ronald Nye, and Mr. Page, and the representations of the debtor's counsel, Mr. Nye, leave little doubt as to the circumstances surrounding the transactions. Whether those circumstances are sufficient to give the trustee rights to recover the transferred property is not now before the court. The issue here is whether there was a satisfactory explanation and the court has found that there was.

At trial the plaintiff objected to any testimony concerning the events leading up to the execution of the note and deed of trust. The plaintiff's objection was based upon the parol evidence rule, but that rule does not apply in these circumstances. If the issue was the validity or enforceability of the note and deed of trust under North Carolina law, then the North Carolina common law parol evidence rule might have been applicable.[6] The issue in this proceeding, however, is a federal issue—has the debtor satisfactorily explained the loss of assets—and the North Carolina parol evidence rule has no application in that context.

Based upon the foregoing, the court concludes that the plaintiff's objection to discharge should be denied and an appropriate judgment will be entered.

---

**6.** Under the "parol evidence rule" oral testimony is inadmissable to vary the terms of an unambiguous agreement. *Jaftex Corp. v. Aetna Casu-* *alty and Surety Co.,* 617 F.2d 1062, 1063 (4th Cir.1980) (citing North Carolina law); *2 Brandis on North Carolina Evidence* § 251 (1982).