**MORGAN FIDUCIARY, LTD.,**
**Appellant,**

v.

**CITIZENS & SOUTHERN**
**INTERNATIONAL**
**BANK, Appellee.**

**No. 87–2313–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Sept. 16, 1988.

Stanley Jay Bartel, Miami, Fla., for appellant.

Vincent E. Damian, Jr., Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Miami, Fla., for appellee.

FINAL ORDER

ROETTGER, District Judge.

THIS CAUSE is before the Court on Appeal from three (3) Orders of the Bankruptcy Court. Appellant, Morgan Fiduciary, Ltd. (Morgan), appeals from (1) the Order of July 16, 1987, lifting the automatic stay on Motion of Citizens & Southern International Bank (C & S), Appellee herein, (2) the Order of August 4, 1987, dismissing Morgan's bankruptcy petition on motion of C & S, and (3) the Order of August 4, 1987, dismissing Morgan's bankruptcy petition on the Bankruptcy Court's *sua sponte* motion.

Upon consideration of the record in this cause, the court finds as follows:

The Order lifting automatic stay clearly followed Florida law and is affirmed. *Islamorada Bank v. Rodriguez,* 452 So.2d 61 (Fla. 3d DCA 1984).

The two Orders of Dismissal from which Morgan appeals were based on the Bankruptcy Court's finding of bad faith. Morgan asserts that the Bankruptcy Court erred in finding bad faith because the Bankruptcy Court did not base its finding on evidence in the record but rather on "conclusions of (C & S's) counsel." Dkt. # 7. Morgan relies upon *Little Creek Development Co. v. Commonwealth Mortgage Corp.*, 779 F.2d 1068 (5th Cir.1986), for the proposition that a finding of bad faith must be based on facts appearing in the record.

Morgan's assertion that the Bankruptcy Court found bad faith based upon conclusory statements of counsel is unsupported by the record in this cause. There was ample evidence from which the Bankruptcy Court could find that Morgan filed Morgan's petition for reorganization purely as a stall tactic, designed to harass and impede C & S in C & S's state court foreclosure proceeding and without any realistic expectations for reorganization.

The record shows that Morgan is a Bahamian corporation. Among the evidence considered by the Bankruptcy Court was Morgan's bankruptcy petition, listing (a) no secured creditors, (b) a single unsecured creditor, Terrence Rosenberg, Morgan's lawyer, to whom Morgan owed $20,000.00, (c) no employees, (d) no assets save for an alleged interest as a junior mortgagor in some real property and a disputed, ancient, and largely unpursued counterclaim against C & S in C & S's state court foreclosure action, and (d) no current income or expenses. Regarding Morgan's alleged interest in the real property, the Bankruptcy Court found as a matter of state law that Morgan's interest was extinguished when C & S foreclosed the property.

In addition to Morgan's bankruptcy petition, the Bankruptcy Court had judicial notice of the fact that Morgan's petition was only the latest in a string of bankruptcy filings, all designed to stop or stall C & S's

foreclosure action after C & S prevailed in state court. Prior to Morgan's petition two other corporate entities, Bradley and Stanhope, filed bankruptcy petitions.[1] Bradley and Stanhope, like Morgan, also asserted some sort of junior lien or other interest in the property which C & S foreclosed. Morgan, Bradley and Stanhope were represented by some of the same lawyers. Both Bradley's and Stanhope's petitions, like Morgan's, were dismissed.

The Bankruptcy Court noted in its August 4 *sua sponte* Order that Morgan failed to file any debtor-in-possession reports. As of September, 1987, no debtor-in-possession reports were on file, despite the representation of Morgan's lawyer in early August, 1987, that said reports were "in the mail." Morgan's refusal to adhere to the basic requirements of a reorganization proceeding is one more indicium of Morgan's lack of good faith in filing Morgan's bankruptcy petition.

*Little Creek*, on which Morgan relies, noted that "every bankruptcy statute since 1898" has contained "a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." *Little Creek* also noted that a determination of bad faith in filing "depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." Further, a finding of bad faith is often based on "certain recurring but non-exclusive patterns, and they are based on a conglomerate of factors rather than on any single datum." *Little Creek*, 779 F.2d at 1071.

Among the factors recognized by *Little Creek* as demonstrative of bad faith were (1) a debtor with one asset, such as a tract of developed or undeveloped real property, (2) the real property is encumbered by creditor's liens, (3) the real property is posted for foreclosure and the debtor has been unsuccessful in defending the state court foreclosure action, (4) the debtor has no employees, (5) the debtor has little or no

---

**1.** The two prior bankruptcy filings were originally before Judge T.C. Britton. Judge A. Jay Cristol, the bankruptcy judge in the instant cause, took over the two prior cases from Judge Britton.

cash flow, (6) the debtor has no available sources of income sufficient to sustain a plan of reorganization, and (7) the debtor has only a few unsecured creditors with relatively small claims. *Little Creek*, 779 F.2d at 1073.

When the factors described above are present, then "[r]esort to the protection of the bankruptcy laws is not proper ... because there is no going concern to preserve, there are no employees to protect, and there is no hope of rehabilitation, except according to the debtor's 'terminal euphoria.'" *Ibid.* (quoting *In re Winshall Settlor's Trust*, 758 F.2d 1136, 1137 (6th Cir.1985). Further, "[n]either the bankruptcy courts nor the creditors should be subjected to the costs and delays of a bankruptcy proceeding under such conditions." *Little Creek*, 779 F.2d at 1073.

The evidence adduced in the instant cause demonstrates that Morgan fits the bad faith pattern described in *Little Creek* to a 'T.' The evidence is more than adequate to support the Bankruptcy Court's finding of bad faith. The evidence also illuminates the Bankruptcy Court's comment in its August 4 *sua sponte* Order that Morgan's bankruptcy petition "fails to pass the 'smell test.'"

The late Irwin Younger, possibly the best lecturer—and, certainly the most enjoyable—on principles of law to judges and lawyers, observed that the most important item in the courtroom and all too seldom used is the judge's nose. Any trial judge will inevitably come to the conclusion on occasion that a certain case or claim or defense has a bad odor. Simply put, a matter smells. Some smell so bad they stink.

Judge Cristol's observation that Morgan's bankruptcy petition "fails to pass the 'smell test'" is hardly the arbitrary, unsupportable conclusion appellant asserts. The bankruptcy judge's conclusion is far from being merely a subjective olfactory whim; it is based on numerous objective factors, many of which were stated previously in this Order.

This Court finds Judge Cristol's perception, and candor in expressing it, is a sound exercise in judicial decision-making. Based on the record of the objective factors supporting the bankruptcy judge's decision, buttressed by the judge's application of the "smell test," it is

ORDERED AND ADJUDGED that the judgment of the bankruptcy court is hereby AFFIRMED, and it is

FURTHER ORDERED AND ADJUDGED, *sua sponte*, that this cause is REMANDED to the Bankruptcy Court for a determination of the appropriateness of awarding attorney's fees and costs to appellee, C & S, for Morgan's frivolous and vexatious appeal of this matter.

DONE AND ORDERED.