In re John D. BURNS, d/b/a Burns Roofing & Home Improvements, Debtor.

CASSADY–PIERCE COMPANY, INC., Plaintiff,

v.

John D. BURNS, d/b/a Burns Roofing & Home Improvements, Defendant.

Bankruptcy No. 90–3586–BM.
Adv. No. 91–0121–BM.

United States Bankruptcy Court, W.D. Pennsylvania.

Nov. 6, 1991.

David Abrams, Abrams & Mazer, Monroeville, Pa., for plaintiff/Cassady–Pierce Co., Inc.

E.J. Julian, Julian and Associates Law Firm, Washington, Pa., for defendant/debtor.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Plaintiff, Cassady–Pierce Company, Inc. ("plaintiff"), has filed a complaint seeking to have debtor denied a general discharge pursuant to 11 U.S.C. § 727(a). Alternatively, plaintiff seeks to have the debt owed to it by debtor declared nondischargeable pursuant to 11 U.S.C. § 523(a).

Debtor will be denied a general discharge pursuant to 11 U.S.C. § 727(a)(3) and (5) for reasons set forth below.

## I

### STATEMENT OF JURISDICTION

The parties stipulate that this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523 and § 727. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## II

### FINDINGS OF FACT

*Background*

Debtor and DeenaLynn Slaney, debtor's self-described "girlfriend", executed an agreement on March 1, 1990, whereby debtor agreed to sell Burns Roofing & Home Improvements to Slaney for $37,000.00. Slaney agreed to pay debtor $12,137.66 in cash and to assume debts owed by debtor on various motor vehicles which amounted to $25,762.34. Said vehicles were used in the operation of the business. A Bill of Sale was executed by debtor and delivered to Slaney that same day.

On March 5, 1990, less than a week after the sale had been consummated, debtor purchased from plaintiff roofing materials costing $13,405.00. On March 14, 1990, debtor purchased additional materials costing $2,611.74 from plaintiff. Debtor did not pay for these materials and did not inform plaintiff when he purchased the materials that he had sold the business to Slaney.

Debtor and Mona Burns, debtor's wife, executed a document entitled "Property Settlement Agreement" on April 24, 1990. The wife agreed to convey to debtor her interest in four (4) parcels of real property which they jointly owned. Debtor in turn agreed to assume the mortgages on all the properties and to indemnify his wife for all payments due and owing on the mortgages. It was further agreed that debtor would retain ownership of Burns Roofing & Home Improvements (which he had sold to DeenaLynn Slaney some six (6) weeks earlier). Debtor further agreed to pay his wife $20,000.00 in return. The obligation was secured by a mortgage executed by debtor in favor of his wife on one of the four (4) properties owned jointly by them. The property in question was located in South Franklin Township, Washington County, Pennsylvania.

Two (2) of the four (4) parcels of real property were sold to other parties that same day—i.e., on April 24, 1990. Debtor and his wife sold property located at 450½ East Prospect Avenue, Washington County, Pennsylvania, to John Colbert for $24,-000.00. Colbert paid $4,250.00 in cash and agreed to pay the balance in seventy-eight (78) monthly installments of $250.00. A deed conveying the property to Colbert was executed by debtor and his wife and was delivered to Colbert that same day.

Debtor and his wife also executed on April 24, 1990, an agreement to sell the property located in South Franklin Township to Margaret Ann Ridenbaugh, debtor's mother, for $162,500.00. Ridenbaugh agreed to assume certain obligations amounting to $122,500.00. Specifically, she agreed to pay two (2) mortgages on the property amounting to $55,000.00, agreed to expend $40,000.00 to correct environmental damage to the property, and agreed to pay $27,500.00 to debtor's girlfriend in satisfaction of a debt allegedly owed to her by debtor. Ridenbaugh agreed to pay the remaining $40,000.00 in cash. A deed conveying the property to Ridenbaugh was executed by debtor and his wife on April 26, 1990.

On November 14, 1990, debtor filed a voluntary chapter 7 petition in this court. Debtor listed assets amounting to $2,300.00, all of which he claimed as exempt, and liabilities amounting to $235,-303.46. He further stated that he was employed by Burns Roofing & Home Improvements, Inc., and claimed that his current monthly income is $2,800.00 and his current monthly expenditures are $2,728.00.

In his federal tax return for 1987, debtor declared a gross income of $10,964.00 on gross business sales of $208,984.00. In his federal tax return for 1988, he declared a gross income of $7,296.00 on gross business sales of $332,042.00. Debtor did not file tax returns for 1989 or 1990.

## III

## ANALYSIS

Plaintiff contends that debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(3) because he failed, without justification, to keep or preserve records from which his financial condition and his business transactions might be ascertained. In addition, plaintiff contends that a discharge should be denied pursuant to 11 U.S.C. § 727(a)(5) because debtor failed to satisfactorily explain the loss of assets.[1]

11 U.S.C. § 727 provides that a chapter 7 debtor is entitled to a discharge of all his debts, unless one of eight (8) conditions is met. Two of those conditions are set forth at 11 U.S.C. § 727(a)(3) and (5), respectively:

(a) The court shall grant the debtor a discharge, unless—

. . . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to preserve any recorded information ... from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case ...

(5) the debtor has failed to explain satisfactorily ... any loss of assets or deficiency of assets to meet the debtor's liabilities.

 The primary thrust of objections to discharge in general is to provide a vehicle whereby abusive conduct on the part of a debtor can be dealt with by denial of a discharge. *In re Rusnak*, 110 B.R. 771, 775–76 (Bankr.W.D.Pa.1990). In keeping with the legislative intent to provide debtors with a "fresh start", the court must be circumspect when considering the denial of discharge. Section 727(a) must be strictly construed against the objector and in favor of the debtor. *In re Rusnak*, 110 B.R. at 776.

The purpose of § 727(a)(3) is to "assure ... the trustee and creditors that they will be provided with sufficient information with which they can assess the debtor's estate and general financial posture". *In re Shapiro*, 59 B.R. 844, 847–48 (Bankr. E.D.N.Y.1986).

 Section 727(a)(3) does not make it a precondition to a grant of discharge that the debtor in every instance maintain, preserve, and produce comprehensive records which set forth debtor's financial and business activities in minute detail. *In re Drenckhahn*, 77 B.R. 697, 704, 707 (Bankr. D.Minn.1987). If a debtor is required to keep records, it is sufficient if they reflect, with a fair degree of accuracy, debtor's financial condition in a manner that is appropriate to his business. *In re Rusnak*, 110 B.R. at 776.

 A determination under section 727(a)(3) must be made on a case-by-case basis, with special consideration being given to debtor's occupation, business, and personal financial structure. *In re Zell*, 108 B.R. 615, 627 (Bankr.S.D.Ohio 1989). The complexity of the transactions may be a key factor with regard to the duty to keep records. *Moffett v. Union Bank*, 378 F.2d 10, 11 (9th Cir.1967). Failure to keep records may be excused when the transactions are not complex. *Bartolotta v. Lutz*, 485 F.2d 227, 119 (5th Cir.1973).

 Section 727(a)(5) does not require that the explanation as to the loss or diminution of assets be meritorious or proper. It requires only that the explanation be "satisfactory". *In re Nye*, 64 B.R. 759, 762 (Bankr.E.D.N.C.1986). What it is for an explanation to be "satisfactory" is not defined anywhere in the Code. In order for an explanation to be satisfactory, it must convince the judge. *In re Chalik*, 748 F.2d 616, 619 (11th Cir.1984). The debtor must testify about his losses in a manner which exhibits good faith in the conduct of his financial affairs and in his effort to explain. *In re Zell*, 108 B.R. at 629.

---

1. It should also be noted that plaintiff averred with substantial basis that defendant should be denied a discharge as he obtained property from plaintiff by false pretense, false represen-

tation, and actual fraud. As a discharge shall be denied pursuant to § 727 of the Bankruptcy Code, the allegations of fraud shall not be addressed in detail.

Debtor shall be denied a discharge pursuant to 11 U.S.C. § 727(a)(3) and (5). He has failed to keep and preserve records of his personal and business affairs from which his general financial condition can be determined and also failed to satisfactorily explain the loss of estate assets.

As has been indicated, debtor transferred his business in March of 1990 to his girlfriend, from whom he supposedly received $12,187.66 in cash. No evidence has been offered as to the source of the cash and no credible evidence has been offered as to debtor's disposition of same. In April of 1990, debtor also transferred one parcel of real property to his mother, from whom he supposedly received $40,000.00 in cash, and another parcel to a John Colbert, from whom he supposedly received $4,250.00 in cash. Again, debtor offered no testimony as to where debtor's mother secured $40,-000.00 in cash money and no credible evidence has been offered as to its disposition. In addition, debtor ordered and received approximately $16,000.00 worth of roofing materials from plaintiff in March of 1990, shortly after he had sold the business to his girlfriend. Debtor's unsupported averment that he sold the corporation but kept the sole proprietorship is rejected as being contrary to the weight of the credible evidence.

Considering the magnitude and the complexity of these transactions, it is reasonable to expect that debtor would have kept and maintained records indicating what became of these assets. Debtor failed, however, to keep and maintain such records. Not one record was produced by him regarding these assets. As a consequence, it is virtually impossible for his creditors to determine what happened to these assets.

Moreover, debtor failed, when pressed to do so, to explain in a satisfactory manner what became of the assets. Debtor testified that he is a compulsive gambler and claimed that he spent all of the funds obtained from the sale of his business and various parcels of property during trips to Las Vegas and Atlantic City. He was unable, however, to support this story by providing any receipts indicating that he had ever been to Las Vegas or Atlantic City. He also testified that the materials ordered from debtor were used to complete various roofing jobs. However, he was unable to identify the jobs in question.

Debtor's "explanations" as to the disposition of these assets are entirely lacking in credibility. His testimony was too vague and was not believable. It is more likely that debtor has secreted these assets so as to place them beyond the reach of his creditors than it is that they were dissipated in the manner claimed by debtor.

An appropriate Order shall be issued.

### ORDER OF COURT

AND NOW at Pittsburgh this 6th day of November, 1991, in accordance with the accompanying Memorandum Opinion of this same date, it is hereby ORDERED, ADJUDGED and DECREED that debtor is DENIED a discharge pursuant to 11 U.S.C. § 727.