**In re John David BURNS, d/b/a Burns Roofing & Home Improvements, Debtor.**

**CASSADY–PIERCE CO., INC., Plaintiff,**

v.

**John David BURNS, d/b/a Burns Roofing & Home Improvements, Defendant.**

Bankruptcy No. 93–23999–BM.
Motion No. 94–748M.
Adv. No. 94–2050–BM.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 1, 1994.

Kathleen Robb–Singer, Office of U.S. Trustee, Pittsburgh, PA, E.J. Julian, Julian Law Firm, Washington, PA, for debtor.

David A. Abrams, Abrams & Mazer, Monroeville, PA, for plaintiff.

Gary L. Smith, Chapter 7 Trustee, Pittsburgh, PA.

## *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

Cassady–Pierce Company, Inc. (hereinafter "CP") has brought a motion for summary judgment on its complaint at Adv. No. 94–2050–BM. Debtor was denied a discharge pursuant to 11 U.S.C. §§ 727(a)(3) and (5) in a previous bankruptcy case. According to CP, debtor should be denied a discharge in the present bankruptcy case for all those debts owed to creditors as of the filing of the previous case.

Now that the facts are incontrovertible and the law clearly understood, debtor does not seriously oppose entry of an order denying a discharge in the present bankruptcy case of all debts owed to creditors when the previous case was filed. Debtor instead informally has requested that the order denying him a discharge be vacated in light of "newly discovered evidence". He has not, however, filed a formal motion with the court requesting such relief.

The United States trustee (hereinafter "U.S. trustee") has brought a motion (at Motion No. 94–748M) to compel debtor to amend his bankruptcy schedules. According to the U.S. trustee, debtor should be compelled to indicate that he previously had been denied a discharge and to indicate that those debts for which he previously had been denied a discharge will not be discharged in this bankruptcy case. In the alternative, the U.S. trustee asks that the present bankruptcy case be dismissed "for cause" pursuant to 11 U.S.C. § 707(a).

Debtor's present bankruptcy petition lists all debts without comment which previously had been determined nondischargeable. In fact, debtor's counsel has admitted at the hearing of June 30, 1994, *inter alia*, that the debts scheduled in the petition before the court are identical to the debts scheduled in the previous case. He now has expressed a willingness to amend the schedules in accordance with the request of the U.S. trustee, if the court is unwilling to vacate the order denying him a discharge.

For reasons set forth below, the present bankruptcy case will be dismissed "for cause" pursuant to 11 U.S.C. § 707(a). In light of this outcome, it will not be necessary to address the motion of CP or any similar motion.

–I–

## FACTS

On November 14, 1990, debtor filed a voluntary chapter 7 petition at Bankruptcy No. 90–23586–BM. E.J. Julian was his counsel in that case.

CP, a general unsecured creditor, brought an adversary action against debtor in that case at Adv. No. 90–0121–BM in which it objected pursuant to 11 U.S.C. § 727(a) to debtor's discharge. After a trial had been held, an order was entered on November 6, 1991 denying debtor a general discharge of all his debts pursuant to 11 U.S.C. §§ 727(a)(3) and (5). The basis for the decision is set forth in *In re Burns,* 133 B.R. 181 (Bankr.W.D.Pa.1991). Debtor did not request relief from or appeal the order entered against him at that time.

An order closing the case was issued on February 28, 1992.

By strange coincidence, debtor filed a motion that same day to dismiss his bankruptcy petition. An order denying debtor's motion was issued on March 3, 1992. The order recited that the motion was denied because all proceedings in the case had been concluded and because there was no open case to dismiss. No appeal from this order was taken.

On November 15, 1993, approximately two (2) years after the decision at Adv. No. 91–0121–BM had been issued, debtor filed a second voluntary chapter 7 petition at Bankruptcy No. 93–23999–JLC. Debtor's counsel for the subsequent case is the same as was his counsel in the first case.

E.J. Julian is an experienced practitioner in this court. In addition to serving as debtor's counsel in both cases, E.J. Julian has represented several other debtors in this court, including his brother and/or his brother's companies. Not only has counsel represented several debtors in this court, he also has been a debtor in this court. On March 26, 1993, E.J. Julian filed a joint voluntary chapter 7 petition with his wife at Bankruptcy No. 93–21041–JKF. Counsel and his wife were granted a discharge in their case on July 13, 1993.

The same debts as had been listed on debtor's prior bankruptcy petition, for which he had been denied a discharge, were listed again on the subsequent petition. Debtor unquestionably sought to have those debts discharged in the second case. Debtor's counsel has admitted on the record on at least two instances in this case that the debts in question are identical in both cases.

Local Rule 1007.3 requires debtor's counsel to file, contemporaneously with the bankruptcy petition, a statement disclosing any pending or prior bankruptcy cases involving the same debtor. Counsel obviously knew of said rule as he had on various occasions complied with same. Curiously, the subsequent chapter 7 petition filed on November 15, 1993 did not disclose the previous bankruptcy case in which debtor had been denied a discharge.

The Clerk of this court is directed to review each petition when it is filed to ensure that all required documents are included with the petition. Upon discovering that the above required disclosure of related cases had been omitted, the Clerk issued a notice to debtor that the petition was deficient in that regard.

Because debtor had not disclosed at the time the case was filed that it was related to a previous bankruptcy case, the subsequent case initially was assigned to another member of this court.

On November 18, 1993, debtor filed the required statement and disclosed that he previously had been a debtor at Bankruptcy No. 90–23586–BM. Said disclosure did not advise that a discharge had been denied at Bankruptcy No. 90–23586–BM.

On December 22, 1993, the chapter 7 trustee reported that no estate property was available for distribution to creditors over and above that exempted by law.

An order was issued on February 9, 1994 transferring the subsequent case to this member of the court because of its relationship to the prior case.

Also on February 9, 1994, CP brought a complaint against debtor at Adv. No. 94–2050–BM. CP sought, *inter alia*, a determination that all of the debts existing on November 14, 1990—when the first bankruptcy case had been filed—are not dischargeable pursuant to 11 U.S.C. § 523(a)(10) in light of the order of November 6, 1991.

With only minor exceptions, debtor in his answer to the complaint admitted the allegations set forth in the complaint. Instead of taking issue with CP's assertion that 11 U.S.C. § 523(a)(10) controlled, debtor took issue with certain findings the court had made in Adv. No. 91–0121–BM and expressed a desire to present "newly found evidence" on these matters. In addition, debtor took issue with the amount which CP claimed was due and owing to it. Subsequent to the closing of the first bankruptcy case, the debt owed to CP had been partially paid down.

On April 25, 1994, CP brought a motion for summary judgment at Adv. No. 94–2050–BM, According to CP, debtor should be denied a discharge of all debts owed to creditors at

the time the previous chapter 7 petition was filed because of the order of November 6, 1991 denying him a discharge pursuant to 11 U.S.C. §§ 727(a)(3) and (5). CP's motion was based upon 11 U.S.C. § 523(a)(10). In addition, CP also sought a determination that the amount due and owing from debtor was $14,123.58 plus interest, attorney's fees, and costs.

Debtor did not oppose entry of an order denying him a discharge of all debts owed to creditors at the time the previous bankruptcy had been filed. He contested only the request for a determination that the amount of the debt owed to CP was $14,123.58. According to debtor, the balance due and owing is only $8,177.00. Also, debtor "hinted" that he desired the court to vacate the order of November 6, 1991 in light of "newly discovered evidence".

On May 17, 1994, the U.S. trustee brought a motion (at Motion No. 94–748M) to compel debtor to amend his schedules or, in the alternative, for dismissal pursuant to 11 U.S.C. § 707(a).

Debtor responded that he would voluntarily amend his schedules pursuant to the U.S. trustee's request in the event the court did not permit presentation of "additional evidence regarding debtor's situation".

A hearing on CP's motion and debtor's response thereto was held on May 26, 1994. Decision on the motion was deferred until a hearing could be held on the U.S. trustee's motion.

A hearing on the U.S. trustee's motion and debtor's response thereto was held on June 15, 1994.

–II–

ANALYSIS

11 U.S.C. § 707(a) provides as follows:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 281; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

■ These "causes" are merely illustrative, and are not exhaustive. A chapter 7 case may be dismissed pursuant to § 707(a) for other "causes". *See In re Campbell,* 124 B.R. 462, 464 (Bankr.W.D.Pa.1991).

■ Good faith is an implicit jurisdictional prerequisite to filing a chapter 7 case. *See In re Bingham,* 68 B.R. 933, 935 n. 2 (Bankr.M.D.Pa.1987). Good faith is not defined anywhere in the Code. At the very least, it requires honest intention on debtor's part. *See In re Johnson,* 708 F.2d 865, 868 (2d Cir.1983).

■ Bad faith—i.e., the absence of good faith—is a valid basis for dismissing a chapter 7 case "for cause" pursuant to 11 U.S.C. § 707(a). *See In re Zick,* 931 F.2d 1124, 1127 (5th Cir.1991). Bad faith includes concealment or evasiveness on the part of the debtor that establishes an improper motive in filing for bankruptcy. *See In re Coones Ranch, Inc.,* 138 B.R. 251, 258 (Bankr.D.S.D. 1991). The filing of successive bankruptcy petitions may indicate bad faith where the subsequent filing was designed to frustrate statutory requirements and to abuse the bankruptcy process. *Id.*

■ There is no bright line test or litmus test for determining whether a chapter 7 petition has been brought in good faith or in bad faith. Such a determination involves an examination of all facts and circumstances surrounding the case. *See In re Campbell,* 124 B.R. at 464. Some courts have even relied on upon the notorious "smell test" in making such a determination. *See Morgan Fiduciary Ltd. v. Citizens & Southern Bank,* 95 B.R. 232, 234 (S.D.Fla.1988).

■ The totality of the circumstances surrounding the filing of the subsequent chapter

568

7 petition inexorably leads to the conclusion that it was filed in bad faith.

As has been noted, debtor's counsel is an experienced attorney who successfully represented several debtors in this court and who himself has been a debtor in bankruptcy. There is no doubt that counsel was aware of the requirement of the Local Rule 1007.3 that he disclose, at the time of the filing of the subsequent bankruptcy case, the existence of the unsuccessful previous case in which debtor was denied a discharge.

Counsel's failure to disclose the existence of the previous bankruptcy was not due to negligence or oversight. To the contrary, circumstances compellingly indicate that the omission was deliberate and was intended to conceal the fact that debtor previously had been denied a discharge.

Debtor had requested in the previous bankruptcy case, long after he had been denied a discharge, that the case be dismissed. As has been indicated, the request was denied promptly. It is reasonable to infer from the request and its timing—i.e., after he was denied a discharge—that debtor already anticipated filing another bankruptcy petition and hoped that dismissal would leave the door open to the filing of another bankruptcy case [perhaps before a different member of this court] wherein all of the debts for which he had been denied a discharge eventually would be discharged.

This latter conclusion is reinforced by the fact that all of the debts for which debtor previously had been denied a discharge were included on the schedules appended to the subsequent chapter 7 petition. There can be little doubt in light of this that debtor sought to have those debts discharged the second time around.

All debts for which a debtor previously had been denied a discharge pursuant to 11 U.S.C. §§ 727(a)(3) and (5) are not dischargeable in a subsequent bankruptcy case involving the same debtor. See 11 U.S.C. § 523(a)(10). Debtor's counsel, an experienced bankruptcy practitioner, undoubtedly knew this when the second petition was filed.

The circumstances surrounding the filing of the subsequent petition compellingly indicate that debtor and his counsel attempted to circumvent this provision of the Bankruptcy Code by not disclosing the existence of the previous bankruptcy case. As has been indicated, the failure to disclose the existence of the previous bankruptcy case was the only deficiency with regard to filing of the second petition.

Had the Clerk of this court not been vigilant, debtor conceivably would have succeeded in obtaining a discharge of those debts the second time around. Because the required disclosure had not been made, the subsequent case at first was assigned to another member of this court, who would have no reason to know that debtor had been denied a discharge in a previous bankruptcy.

As has been noted, the chapter 7 trustee in the subsequent bankruptcy case issued a report of no distribution. Debtor's counsel undoubtedly anticipated this and hoped that no general unsecured creditor would come forward and point out that debtor had been denied a discharge in a previous bankruptcy case.

CP was the only unsecured creditor who took an interest in debtor's previous bankruptcy case. Subsequent to the closing of the first case, a substantial portion of debtor's indebtedness to CP was paid down. Debtor apparently anticipated that CP would remain silent in light of the reduction in indebtedness and the lack of assets with which to pay CP any further. In short, debtor apparently expected that CP would not pursue him any further.

Debtor engaged in dishonest and evasive conduct in attempting to obtain relief to which he was not entitled under the Code. In so doing, he acted in bad faith. Accordingly, the present chapter 7 petition will be dismissed pursuant to 11 U.S.C. § 707(a). Any lesser sanction would effectively reward debtor for his improper conduct.

As has been indicated, debtor has informally requested that the order of November 6, 1991 be vacated in light of some "newly discovered evidence". A few comments about this request are perhaps in order, despite debtor's failure to request such relief by formal motion.

Federal Rule of Civil Procedure 60(b), which applies in this instance by virtue of Federal Rule of Bankruptcy Procedure 9024, provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).... The motion shall be made within a reasonable time, and for.... [reason] (2) ... not more than one year after the judgment ... was entered....

Rule 60(b)(2) must be applied subject to the proposition that the finality of a judgment is a sound principle that should not be lightly set aside. The remedy provided by Rule 60(b)(2) is extraordinary. Special circumstances must be present before such relief can be granted. *Kock v. Govt. of Virgin Islands,* 811 F.2d 240, 246 (3d Cir.1987).

Even if it were so inclined, this court lacks jurisdiction to consider debtor's request. By its express terms, Rule 60(b) sets a one year time limit from the entry of a judgment for a motion seeking relief from the judgment pursuant to Rule 60(b)(2). Debtor's informal request pursuant to Rule 60(b)(2) was not made until some thirty months after entry of the judgment of November 6, 1991. *See Nevitt v. U.S.,* 886 F.2d 1187, 1188 (9th Cir.1989).

Assuming that there were no jurisdictional obstacles to considering debtor's request, it still would have to be denied. Relief may be granted pursuant to Rule 60(b)(2) only upon a showing that:

(1) the evidence was in existence at the time of trial or pertains to facts in existence at the time of trial;

(2) it was discovered subsequent to trial;

(3) due diligence on the part of movant to discover the new evidence is shown or may be inferred;

(4) the evidence is admissible;

(5) it is credible;

(6) the new evidence is material;

(7) it is not merely cumulative or impeaching; and

(8) the new evidence is likely to change the outcome of the case.

*See U.S. v. McGaughey,* 977 F.2d 1067, 1075 (7th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1817, 123 L.Ed.2d 447 (1993).

Debtor has not made a showing as to any of these requirements. In particular, he has not shown due diligence or that the new evidence is likely to change the outcome of the judgment entered on November 6, 1991. The evidence supporting denial of a discharge was overwhelming.

Debtor's second bankruptcy case shall be dismissed for the above reasons. However, the court will retain jurisdiction of this case for thirty (30) days thereafter in order to consider any motions relating to Federal Rule of Bankruptcy Procedure 9011 others may wish to bring in connection with this case.